## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALVIN GIBSON**                                           **CIVIL ACTION**

**VERSUS**                                                 **NO. 23-6331**

**SCOTTSDALE INSURANCE COMPANY**          **SECTION: D (2)**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss Under FRCP 12(b)(7) for Failure to Join a Party, or in the Alternative, Motion to Compel Joinder and to Stay Proceedings filed by the Defendant, Scottsdale Insurance Company.[1]  The Plaintiff, Alvin Gibson, has not filed any response in opposition to the Motion.[2]  After careful consideration of the Defendant's memorandum, the record, and the applicable law, the Court **DENIES** the Motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Alvin Gibson owns and resides at a residential property located at 325 13th Street, Vacherie, Louisiana 70090 (the "Property").[3]  Defendant Scottsdale Insurance Company ("Scottsdale") issued Plaintiff a homeowners insurance policy bearing Policy No. DFS0928697 (the "Policy") insuring the Property.[4]  Scottsdale contends that the named insureds on the Policy included Plaintiff Alvin Gibson as

---

[1] R. Doc. 7.

[2] The Motion was submitted on January 9, 2024, meaning that any response by the Plaintiff was due eight days prior.  *See* Local Rule 7.5. Plaintiff's response in opposition to the Motion was due January 2, 2024, at the latest.  During the Court's January 23, 2024 Telephone Status Conference, counsel for the Plaintiff indicated that he may be filing a response to the Motion to which the Court advised that any such response would need leave of Court as it would be untimely.  As of the date of this Order, Plaintiff has not filed any response to the Motion or moved for leave to file a response.

[3] *See* R. Doc. 15-1 at ¶ 4.

[4] *See id.* at ¶ 5; R. Doc. 7-1 at p. 3.  Scottsdale states that they attached a certified copy of the Policy to the Motion as Exhibit A.  *See* R. Doc. 7-1 at p. 3.  No such exhibit is in the record.

well as Zona Gibson and A2Z, LLC.[5]  On August 29, 2021, the Property sustained extensive damage due to Hurricane Ida.[6]  Plaintiff subsequently filed proof of loss with Scottsdale.[7]  Plaintiff claims that Scottsdale failed to timely adjust his claim and failed to pay benefits to which the Plaintiff is entitled under the Policy.[8]

Plaintiff originally filed this action on August 29, 2023 in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana seeking to recover damages against Scottsdale for Scottsdale's alleged failure to timely pay Plaintiff's insurance claims for Hurricane Ida-related damage to Plaintiff's property.[9]  Scottsdale timely removed the case to this Court on October 18, 2023 pursuant to 28 U.S.C. §§ 1332 and 1441, alleging that this action falls under the Court's diversity jurisdiction.[10]  This Court subsequently ordered the Defendant to file an Amended Notice of Removal clarifying and properly establishing that the amount in controversy exceeded $75,000.00 at the time of removal.[11]  After Scottsdale failed to comply with the Court's Order, this Court held a Telephone Status Conference with the parties.[12]  Following that Conference, Scottsdale filed an Amended Notice of

---

[5] *See* R. Doc. 7-1 at p. 2.  As the Court was not provided a copy of the Policy, the Court can only rely on Scottsdale's word that Zona Gibson and A2Z, LLC are additional named insureds on the Policy.  The Court notes however that in the exhibit that Scottsdale did attach, the estimate from Noble Public Adjusting Group, only Alvin Gibson is listed as the "Insured."  *See* R. Doc. 15-3 at p. 1.
[6] *See* R. Doc. 15-1 at ¶¶ 3–4.
[7] *See id.* at ¶ 6.
[8] *See id.* at ¶¶ 6–7.
[9] *See id.*
[10] R. Doc. 1.
[11] R. Doc. 11.
[12] R. Doc. 14.

Removal providing sufficient allegations regarding the amount in controversy sufficient to sustain its burden of removal.[13]

Scottsdale filed the instant Motion to Dismiss on December 18, 2023, arguing that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join required parties, *i.e.*, the alleged other named insureds on the Policy.[14] Alternatively, Scottsdale asks the Court to compel joinder of the allegedly required parties under Fed. R. Civ. P. 19 and to stay this action pending Scottsdale's investigation into the possible claims of the absent named insureds.[15]  The Plaintiff did not file any response to the Motion.[16]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) requires a district court to dismiss a party's claims for failure to join a Rule 19 required party.[17]  Rule 19 requires the joinder, if feasible, "of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue."[18] Rule 19 requires a "two-step inquiry" that is "highly practical" and "fact-based."[19]

Step one requires a court to determine if a party is "required" under Rule 19(a). If so, that party must be joined unless joinder would deprive the court of subject-matter jurisdiction.  The party urging joinder has the initial burden of demonstrating

---

[13] R. Doc. 15.

[14] R. Doc. 7.

[15] *Id.*

[16] *See* n.2.

[17] *See PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 560 (5th Cir. 2023).

[18] *Orpheum Prop., Inc. v. Coscina*, No. CV 17-6480, 2018 WL 1518471, at *3 (E.D. La. Mar. 28, 2018) (Fallon, J.); *accord Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder.").

[19] *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

that an absent party is necessary,[20] but "when an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."[21]  A party is "required" under Rule 19(a) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[22]

If a party "required" to be joined if feasible cannot be joined because its joinder will destroy diversity, the court moves to the second step.

At step two, the court considers whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[23]  This step requires the court to determine if an otherwise required party is "'merely necessary' to the litigation, or in fact 'indispensable.'"[24]  If the missing party is "merely necessary," the case can proceed in their absence; if it is "indispensable," the action

---

[20] *Wolf v. Bickham*, 498 F. Supp. 3d 897, 903 (E.D. La. 2020) (Ashe, J.).

[21] *Pulitzer-Polster*, 784 F.2d at 1309 (citing *Boles v. Greeneville Housing Authority*, 468 F.2d 476, 478 (6th Cir. 1972) (Tuttle, J., sitting by designation)).

[22] Fed. R. Civ. P. 19(a).

[23] Fed. R. Civ. P. 19(b).

[24] *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019).  Although the 2007 Amendments to Rule 19 removed the term "indispensable" from Rule 19(b), claiming that the term was "discarded as redundant," the Court, like many others, will employ the "traditional terminology" here for ease and clarity.  *See* Fed. R. Civ. P. 19 Advisory Committee Notes, 2007 Amendment.

must be dismissed.  To decide whether a party is "indispensable," a court considers

the four factors listed in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's
> absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or
> avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence
> would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if
> the action were dismissed for nonjoinder.[25]

No single factor is dispositive[26] and there is no "prescribed formula for determining

in every case whether a person is an indispensable party."[27]  The decision to either

proceed in a party's absence or to dismiss an action can be made only "in the context

of the particular litigation."[28]  "[T]he issue of joinder can be complex, and

determinations are case specific."[29]

## III.   ANALYSIS

Scottsdale moves to dismiss the complaint for Plaintiff's failure to join the

other named insureds on the Policy, Zona Gibson and A2Z, Inc., as parties to this

litigation.  Dismissal is appropriate only if the Court determines that: (1) Zona Gibson

and A2Z, Inc. are "required" parties that cannot be joined because their presence

would destroy the Court's subject-matter jurisdiction and (2) Zona Gibson and A2Z,

---

[25] Fed. R. Civ. P. 19(b).

[26] *Wolf*, 498 F. Supp. 3d at 903 (citing *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1326 (Fed. Cir. 2020)).

[27] *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 n.14 (1968) (citation omitted).

[28] *Moss*, 913 F.3d at 515 (quoting *Provident Tradesmens Bank*, 390 U.S. at 117).

[29] *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008).

Inc. are "indispensable" parties such that, "in equity and good conscience," the action must be dismissed.[30]

As an initial matter, the Court notes that Scottsdale appears to misunderstand Rule 12(b)(7) and its interplay with Rule 19.  Contrary to Scottsdale's argument, the mere failure to join a person deemed a "required" party after consideration of the Rule 19(a) criteria does not mandate the dismissal of the entire action; rather, as Rule 19 makes clear, the proper remedy in such a scenario is for the Court to order that the absent-yet-required person be made a party to the action.  Indeed, Rule 19(a)(2) explicitly provides that "[i]f a person has not been joined as required, the court must order that the person be made a party."[31]  Dismissal under Rule 12(b)(7) is appropriate, however, only when a person is (1) a required party (2) whose joinder is not feasible as it would deprive the Court of subject-matter jurisdiction and (3) they are "indispensable" to the action such that "in equity and good conscience" the action cannot continue in their absence.[32]  "Simply put, a finding that a party is required under Rule 19(a), standing alone, cannot support dismissal—the court must also find the absent party to be indispensable after an examination of the Rule 19(b) factors."[33]

---

[30] Fed. R. Civ. P. 19; *see also Archer W. Contractors, LLC v. McDonnel Grp., LLC*, No. CV 22-5323, 2023 WL 4586705, at *6 (E.D. La. July 18, 2023) (Vitter, J.).

[31] Fed. R. Civ. P. 19(a)(2).

[32] *See Archer W. Contractors*, 2023 WL 4586705, at *12 (denying a Rule 12(b)(7) motion to dismiss where a required party whose joinder was not feasible was nevertheless dispensable to the action).

[33] *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 563 (5th Cir. 2023) (citing *Santiago v. Honeywell Int'l, Inc.*, 768 Fed. Appx. 1000, 1007 (11th Cir. 2019)); *accord id.* ("Before dismissing a case for failure to join a required party under Rule 19, a district court 'must' consider the Rule 19(b) factors." (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 109 (1968))).

In its briefing, Scottsdale addresses only whether the additional named insureds are "required" parties under Rule 19(a).[34]  Scottsdale fails to provide any information about the citizenship of the named insureds and whether their presence would destroy the Court's subject matter jurisdiction, and incorrectly conflates the criteria for determining whether a party is "required" with whether they are "indispensable" to an action.[35]  Scottsdale has not provided any argument as to why the allegedly "required" parties, Zona Gibson and A2Z, LLC, are "indispensable."[36] Accordingly, the Court finds that Scottsdale has not met its burden in demonstrating that dismissal of this action under Rule 12(b)(7) is warranted.  The Court denies Scottsdale's Motion insofar as it seeks dismissal of Plaintiff's claims.

Next, the Court considers whether the additional named insureds, Zona Gibson and A2Z, LLC, are "required" parties under Rule 19(a).  If so, then the Court must join them as parties unless their joinder is not feasible.[37]  Scottsdale argues that the named insureds meet the criteria for a "required" party under Rule 19(a)(1)(B)(ii) because they "claim[] an interest relating to the subject of the action" and their absence leaves Scottsdale "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[38]  Specifically, Scottsdale contends that A2Z, LLC and Zona Gibson, as named insureds on the

---

[34] *See* R. Doc. 7-1 at p. 2.
[35] *See id.* ("To assert a Fed. R. Civ. Proc. 12(b)(7) motion for failure to join an indispensable party, it must first be determined whether the absent party is 'Indispensable' or 'necessary'.  Under Fed. R. Civ. P. 19(a)(1)(B), the following relevant factors are to be used to be determine whether the absent party meets this criteria[.]").
[36] Scottsdale has not cited to nor discussed the Rule 19(b) factors whatsoever.
[37] *See* Fed. R. Civ. P. 19(a)(2).
[38] Fed. R. Civ. P. 19(a)(1)(B); R. Doc. 7-1 at p. 2.

Policy, "would be entitled to file a suit concerning the subject policy of insurance in their own right," thus subjecting Scottsdale to the possibility of multiple obligations.[39] Scottsdale provides no argument as to whether A2Z, LLC and Zona Gibson meet the criteria for required parties under Rule 19(a)(1)(A) or (a)(1)(B)(i). Nevertheless, the Court has considered those alternative factors and does not find them to be met here.[40]

To meet its burden under Rule 19(a)(1)(B)(ii), Scottsdale must show a "substantial risk" of being subject to "double, multiple, or otherwise inconsistent obligations" should A2Z, LLC and Zona Gibson not be made parties here. Scottsdale has not so proven. While the Court recognizes that A2Z, LLC and Zona Gibson, if they are named insureds along with Plaintiff on the Policy, may arguably be able to file an action on the Policy against Scottsdale, Scottsdale has presented no evidence that such a suit has been filed or is likely to be filed.[41] Nor, for that matter, has Scottsdale provided anything to demonstrate that named insureds are *per se* required parties in every insurance dispute. Indeed, the caselaw is to the contrary.[42] Moreover, the Court cannot ignore that the applicable prescriptive period for filing

---

[39] R. Doc. 7-1 at p. 2.

[40] Even in the absence of the additional named insured, the Court can accord complete relief among the existing parties. Further, there is nothing in the record to suggest that the absence of the named insured "may as a practical matter impair or impede [their] ability to protect the[ir] interest." Fed. R. Civ. P. 19(a)(1)(B)(i).

[41] Of course, "[t]he fact that an absent person could bring the action as a real party in interest does not of itself make that person a necessary or indispensable party." *Moss v. Princip*, 913 F.3d 508, 520 (5th Cir. 2019) (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1543 (3d ed.)).

[42] *See, e.g.*, *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 273 F.R.D. 380, 386–91 (E.D. La. 2011) (Fallon, J.) (finding insureds to not be required parties under Rule 19(a) and collecting cases); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1619 (3d ed.) (collecting cases where courts have found an insured not to be a required party).

Hurricane Ida insurance disputes lapsed several months ago.[43]  Scottsdale fails to explain how A2Z, LLC and Zona Gibson could now file suit against Scottsdale and subject Scottsdale to multiple obligations at this point.  Accordingly, the Court does not find that Scottsdale has demonstrated a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."[44]

Further, Scottsdale's singular reliance on a Louisiana state court case is unavailing.  In a diversity case such as this one, joinder rules are governed by federal law.[45]  Indeed, the basic premise of the *Erie* doctrine is that federal courts sitting in diversity apply federal procedural rules such as Rule 19 of the Federal Rules of Civil Procedure.[46]  Moreover, the case cited by Scottsdale, *First Federal Savings Bank of New Orleans v. GAB Business Services, Inc.*,[47] fails to fully support Scottsdale's argument.  Contrary to Scottsdale's claim, the court in that case did not dismiss the action due to the plaintiff's failure to join a required party.[48]  Instead, the court found the named insured on the insurance policy at issue was a required party and ordered the plaintiff "to amend its petition to join [the absent, required party] as a party

---

[43] *See* La. R.S. 22:868(B) (providing for a two-year prescriptive period for insurance disputes).  Hurricane Ida made landfall and damaged Plaintiff's Property on August 29, 2021.  Thus, insurance disputes related to damages caused by Hurricane Ida had to be filed by August 29, 2023, absent any applicable tolling, interruption, or suspension of the period.  Scottsdale has provided no evidence that such may be the case here.

[44] Fed. R. Civ. P. 19(a)(1)(B)(ii).

[45] *See PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 560 (5th Cir. 2023) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)).

[46] *See* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1603 (3d ed.) ("Rule 19 cannot be said to impair or impinge state-created substantive rights when applied in diversity cases, and therefore it does not violate the principle announced by the Supreme Court in *Erie Railroad Company v. Tompkins*.").

[47] 524 So. 2d 111 (La. App. 4 Cir. 1988).

[48] *Id.* at 112.

plaintiff."[49]  At best, this case shows that a named insured on an insurance policy may meet the definition of a "required" party.  However, as explained above, in this particular matter, Scottsdale fails to show that Zona Gibson and A2Z, LLC are required parties.

In sum, Scottsdale has not demonstrated that Zona Gibson and A2Z, LLC are "required" parties, that their joinder is infeasible, or that they are "indispensable" parties.  Scottsdale is not entitled to a dismissal of the action and the Court will not compel the joinder of Zona Gibson and A2Z, LLC.  Accordingly, the Court denies Scottsdale's Rule 12(b)(7) Motion to Dismiss in full.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Under FRCP 12(b)(7) for Failure to Join a Party, or in the Alternative, Motion to Compel Joinder and to Stay Proceedings[50] is **DENIED.**

New Orleans, Louisiana, February 1, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[49] *Id.*
[50] R. Doc. 7.